UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Joseph Dean, | : | Case No. 1:08CV1405 |
| | : | |
| Petitioner | : | Judge Kathleen M. O'Malley |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Deborah Timmerman-Cooper, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his August 31, 2006 re-sentencing to five years in prison consequent to his conviction pursuant to a plea of guilty to one count of burglary and one count of receiving stolen property.[1]

Petitioner's sentencing history was summarized by the state appellate court as follows:

> Dean pled guilty to a lesser-included offense of count one, to wit, burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, and the receiving stolen property counts. Upon recommendation of the state, the trial court dismissed the remaining counts of the indictment.
>
> The trial court sentenced Dean to a five-year prison term for his

---

[1] Petitioner had originally been charged with one count of burglary in violation of Ohio Revised Code §2911.12(A)(2), which is a second degree felony, one count of theft, and one count of receiving stolen property. Upon entry of his plea, the second count was dismissed, and the first count was reduced from a second to a third degree felony.

> burglary conviction and a one-year prison term for his receiving stolen property conviction. The trial court ordered these sentences be served concurrently. Thus, Dean's aggregate prison sentence was five years.
>
> Dean appealed the sentencing entry to this court. On appeal, this court reversed the trial court's judgment entry and remanded the matter for re-sentencing pursuant to *State v. Foster*. *State v. Dean*, 11th Dist. No. 2005-L-028, 2006-Ohio-2014, at ¶9, citing *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, at ¶99-104.
>
> In August 2006, the trial court conducted a re-sentencing hearing. The trial court again sentenced Dean to a five-year prison term for his burglary conviction and a one-year prison term for his receiving stolen property conviction. These sentences were again ordered to be served concurrently, resulting in an aggregate five-year prison sentence.

Petitioner appealed his August 31, 2006 re-sentencing to the Ohio Eleventh District Court of Appeals alleging five assignments of error:

> I. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
>
> II. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term in violation of defendant-appellant's right to due process.
>
> III. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term based on the Ohio Supreme Court's severance of the offending provisions under *Foster*, which was an act in violation of the principle of separation of powers.
>
> IV. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison term contrary to the rule of lenity.
>
> V. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum and maximum prison

> term contrary to the intent of the Ohio legislators.

On September 26, 2007 the appellate court affirmed the sentence imposed by the trial court.

On November 2, 2007 petitioner appealed the appellate court ruling to the Ohio Supreme Court alleging five propositions of law which paralleled those raised to the lower appeals court. On January 23, 2008 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On June 5, 2008 the petitioner filed the instant petition, in which he raises the following three claims for relief:

> **A. GROUND ONE:** The trial court erred when it sentenced the Mr. Dean to a more-than-the-minimum and maximum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
>
> **B. GROUND TWO:** The trial court erred when it sentenced the Petitioner to a more-than-the-minimum and maximum prison term in violation of petitioner's right to due process.
>
> **First Issue Presented for Review and Argument:** The trial court erred when it sentenced the Petitioner to a more-than-the-minimum and maximum prison term when no additional findings were made by the jury.
>
> **Second Issue Presented for Review and Argument:** The trial court erred when it sentenced the Petitioner to a more-than-the-minimum and maximum prison term when the Petitioner had neither actual or constructive notice that those sentences were a possible punishment for the offenses.
>
> **C. GROUND THREE:** The trial court erred when it sentenced the Petitioner to a more-than-the-minimum and maximum prison term without fulfilling a statutory mandated obligation and conducting the required (by statute) consistency analysis prior to imposing sentence which is a direct violation of petitioner's constitutional rights of due process and equal protection.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[2]

Respondent asserts that petitioner's third claim for relief has been procedurally defaulted and is subject to dismissal on that basis.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326

---

[2]There are no issues of untimeliness in this case.

4

(6th Cir. 1987), cert. denied, 532 U.S. 958 (2001).  Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004).  It is not enough to present the facts giving rise to the federal claim raised in habeas corpus;  a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998).  Even if a claim is related, but distinct, the claim is nonetheless defaulted.  Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim.  Gray v. Netherland, 518 U.S. 152, 162-63 (1996), citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982).  For example, use of the term "ineffective assistance" also fails to alert the state courts of the federal nature of a claim.  Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and would be barred from pursuing relief on that claim in the state courts[3] the petition should not be dismissed for failure of exhaustion, in light of the fact that there would then be no available state remedies.  Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  However, the petitioner must then demonstrate cause for failure to fairly present the claims to the state courts and actual prejudice to his/her defense at trial or on appeal. Gray v. Netherland, supra at 162;  Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Deitz v. Money, 391 F.3d 84, 808 (6th Cir. 2004).

---

[3]Under a longstanding Ohio procedural rule, a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief.  See, Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978).

5

In his third claim for relief petitioner challenges the failure of the trial court to undertake a "consistency analysis" prior to sentencing him, a proposition for which he relies on Ohio Revised Code §2929.11(B). That provision calls for the imposition of a sentence which is commensurate with the seriousness of the offense committed, and consistent with sentences imposed for similar crimes by similar offenders. A review of the state court proceedings reveals that petitioner did not raise this particular challenge before any of the state courts.

Having failed to raise this claim to any state court, the claim is procedurally defaulted. Petitioner would be unable to pursue relief on that claim in the state courts in light of the fact that he could have raised it in an appeal, but did not, which causes it to be barred by the doctrine of res judicata. State v. Perry, 10 Ohio St.2d 175, 180, 226 N.E.2d 104, 105-106 (1967). Petitioner having offered nothing as to the cause of such procedural default, this claim for relief is subject to dismissal on that basis.

Turning to merits review of the remaining claims for relief, those claims are unpersuasive for each of the following reasons.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an

> unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520.  In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.  Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id.  See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

Petitioner's first two claims for relief will be considered together, in light of the fact that they both challenge the sentence imposed by the trial court which was "more-than-the-minimum and maximum prison term" without reliance upon factual findings made by a jury to enhance his sentence under the law, in violation of the rule of law set out by the United States Supreme Court

in Blakely v. Washington, 542 U.S. 296 (2004). Petitioner argues further that the remedy set forth in State v. Foster, 109 Ohio St.3d 1, 845 N.E.3d 470 (2006), violates the Ex Post Facto and Due Process Clauses of the United States Constitution, in light of the fact that the effect of that decision was to increase the statutory presumptive sentences, despite the fact that the pre-Foster rule which was in effect at the time of his plea and initial sentencing included a presumption that he would be sentenced to a minimum term of one year.

In Blakely, the Court held that violations of the Sixth Amendment to the United States Constitution could be avoided if "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 301 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Although the Blakely case limited the authority of the trial judge to impose sentences in excess of the maximum provided by law, the authority of a sentencing judge to impose a sentence within the prescribed statutory range for a particular offense was not limited in the same way.

In January of 2005 the United States Supreme Court held, in United States v. Booker, 543 U.S. 220, 245, 259 (2005), that the mandatory provisions of the United States Sentencing Guidelines were unconstitutional under the Blakely decision, but they could be used in an advisory manner.

The Ohio Supreme Court applied the Apprendi, Blakely, and Booker decisions to the Ohio sentencing guidelines and held that parts of Ohio's felony sentencing scheme were unconstitutional, including Ohio Revised Code §§ 2929.14(B), 2929.19(B)(2), and 2929.41, which provide for judicial findings of fact in order to rebut presumptions in sentencing terms;

§2929.14(C), providing for the imposition of maximum sentences; §2929.14(D)(2)(b), findings for repeat violent offender; §2929.14(D)(3)(b), major drug offenders; §2929.14(E)(4), providing for the imposition of consecutive sentences;[4] and §2953.08 (G), statutory findings for consecutive sentences in the appellate record. State v. Foster, 109 Ohio St.3d 1, 62-67, 83, 845 N.E.2d 470 (2006). The constitutional violation was premised upon the fact that those provisions require judicial findings of fact beyond those either rendered by the jury or admitted to by the defendant. Ibid. Those offending portions of the sentencing code were severed, *but trial courts retained full discretion to impose sentences within the statutory range while no longer being required to make findings of fact or to articulate reasons for imposing maximum or consecutive sentences*. Id. at 100. As the Court did in Booker, the Ohio Supreme Court determined that its holding in Foster was to be applied to any case pending on direct appeal, and that where sentences were found to have been constitutionally invalid, remanding and re-sentencing were in order.

The Ex Post Facto Clause provides that "no State shall...pass any...ex post facto Law." U.S. Constitution, Art. I., §10, cl.1. Ex Post Facto Clause challenges to the Foster decision have been repeatedly denied by Ohio state courts. State v. Swann, 171 Ohio App.3d 304, 314, 870 N.E.2d 754, 762 (2007); State v. Sharp, unreported, Case No. 89295, 2007 Ohio App. LEXIS 5549 (Ct.App.Cuy.Cnty. 2007); State v. McGhee, unreported, Case No. 17-06-05, 2006 Ohio App. LEXIS 5102 (Ct.App. Shelby Cnty. 2006). The McGhee court premised its decision that there had been no violation of the Ex Post Facto Clause in part on the fact that the defendant "knew the potential statutory sentence for committing a first degree felony, ...had notice that Ohio's

---

[4]On January 14, 2009 the United States Supreme Court decided Oregon v. Ice, 555 U.S. ___, 2009 U.S. LEXIS 582 (2009), which abrogated this portion of the Foster decision and held that judicial factfinding to determine whether consecutive sentences should be imposed does not violate Apprendi/Blakely. In so doing, the Court expanded the scope of judicial factfinding discretion in sentencing.

sentencing statutes were subject to judicial scrutiny, and ...was unlikely to amend his criminal behavior in light of a sentencing change." McGhee, supra at ¶20.  The Sharp court determined that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and the Foster case "did not judicially increase the range of his sentence."  Sharp, supra at ¶10.

Ex Post Facto Clause challenges to the Booker[5] decision have been repeatedly denied by the federal courts.  United States v. Barton, 455 F.3d 649, 657 (6th Cir. 2006), cert. denied, 127 S.Ct. 748 (2006); United States v. Davenport, 455 F.3d 366 (4th Cir. 2006); United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005); United States v. Vaughn, 430 F.3d 518 (2nd Cir. 2005), cert. denied, 547 U.S. 1060 (2006);  United States v. Perez-Ruiz, 421 F.3d 11 (1st Cir. 2005), cert. denied, 546 U.S.  1120 (2006); United States v. Dupas, 419 F.3d 916, (9th Cir. 2005), cert. denied, 547 U.S. 1011 (2006); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005) ("Jamison also had fair warning that distributing cocaine base was punishable by a prison term of up to twenty years, as spelled out in the United States Code.  Jamison had sufficient warning of the possible consequences of his actions, and his sentence does not run afoul of any of the core concepts discussed in Rogers.")

Notably, Ex Post Facto challenges similar to that raised by the instant petitioner have also been rejected by judges in this district.  Watkins v. Williams, Case No. 3:07CV1296 (N.D.Ohio June 17, 2008) (J. Adams) (The Foster decision did not violate due process as it did not alter the fact that the defendant was well aware of the maximum penalty he faced at the time of his crime.); Lyles v. Jeffreys, Case No. 3:07CV1315 (N.D.Ohio April 24, 2008) (J. Oliver) (The trial court's

---

[5] Significant in light of the fact that the Foster and Booker decisions employed similar rationales to craft similar remedies.

re-sentencing did not violate petitioner's Due Process right not to be re-sentenced pursuant to a law which violates the Ex Post Facto Clause, as petitioner "had fair notice of the acts that were prohibited and the degree of punishment which the Ohio legislature wished to impose on those who committed those acts."); McGhee v. Konteh, Case No. 1:07CV1408 (N.D.Ohio Feb. 1, 2008) (J. Nugent) (Affirming Magistrate Judge Limbert's conclusion that "Since the *Foster* decision does not change the elements necessary to convict Petitioner or the potential maximum sentence that Petitioner faced for a first degree felony, *Foster* does not raise an ex post facto-type due process violation.  Moreover, the trial judge's application of *Foster* to Petitioner's case in particular did not violate *Apprendi* because he did not sentence Petitioner beyond the statutory maximum.")

The appellate court rejected petitioner's challenges to his sentence, holding in pertinent part:

> Collectively, Dean asserts his sentence is unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in *State v. Foster*, but was sentenced pursuant to the post-*Foster* version of R.C. 2929.14. See *State v. Foster*, supra. This court has addressed Dean's arguments in the case of *State v. Elswick*, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.  In *State v. Elswick*, this court found the nearly verbatim assignments of error that are raised in this appeal to be without merit. Id. at ¶5-55.  See, also, *State v. Green*, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; *State v. Asbury*, 11th Dist. No. 2006-L-097, 2007-Ohio-1073;  *State v. Anderson*, 11th Dist. No. 2006-L-142, 2007-Ohio-1062; and *State v. Spicuzza*, 11th Dist. No. 2006-L-141, 2007-Ohio-783.
>
> In addition, these same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See *State v. Gibson*, 10th Dist. No. 06AP-509, 2006-Ohio-6899; *State v. Moore*, 3rd Dist. No. 1-06-51, 2006-Ohio-6860; *United States v. Portillo-Quezada*, (C.A.10, 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
>
> Based on the authority of *State v. Elswick*, Dean's assignments of

11

error are without merit.

Those portions of the Elswick decision which are on point state in pertinent part as follows:

> In his first assignment of error, appellant argues that the trial court erred by sentencing him to more than the minimum prison terms in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.  He alleges that the sentences imposed were not available to the trial court at the time the offenses were committed.
>
> In his second assignment of error, appellant contends that the trial court erred by sentencing him to more than the minimum prison terms in violation of his right to due process.  He maintains that he had neither actual nor construction notice that the sentences imposed were possible punishments for the offenses.
>
> \* \* \* \* \*
>
> With respect to his first and second assignments of error, appellant raises an issue of first impression for our court.  However, other appellate districts have considered the question, and concluded that *State v. Foster, 109 Ohio St.3d 1, 2006 Ohio 856, 83, 845 N.E.2d 470,* does not violate *due process* and the *ex post facto clause* because defendants face the same potential sentences as they did before *Foster* was decided. See *State v. Smith, 2d Dist. No. 21004, 2006 Ohio 4405;   State v. Newman, 9th Dist. No. 23038, 2006 Ohio 4082;* and *State v. McGhee, 3d Dist. No. 17-06-05, 2006 Ohio 5162*.
>
> Article I, Section 10 of the United States Constitution provides that no state shall pass ex post facto laws.  The ex post facto clause extends to four types of laws:
>
>> "'!st.  Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. *Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.*  4th.  Every law that alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of commission of the offense, in order to convict the

> offender.'" (Emphasis added.) *Rogers v. Tennessee (2001), 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697,* quoting *Calder v. Bull (1798), 3 U.S. 386, 390, 1 L.Ed. 648, 3 Dall. 386* (seriatum opinion of Chase, J.).

In addition "'*Section 28, Article II of the Ohio Constitution* prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments.'" *Smith v. Smith, 109 Ohio St.3d 285, 2006 Ohio 2419, at P6, 847 N.E.2d 414*, quoting *Vogel v. Wells (1991), 57 Ohio St.3d 91, 99, 566 N.E.2d 154.* "The *retroactivity clause* nullifies those new laws that 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time (the statute becomes effective).'" *Bielat v. Bielat (2000), 87 Ohio St.3d 350, 352-353, 2000 Ohio 451, 721 N.E.2d 28,* quoting *Miller v. Hixson (1901), 64 Ohio St.39, 51, 59 N.E.749.*

In the instant matter, we must consider both the federal and state constitutional ramifications of *Foster*.[2]

---

[2] In *Foster*, the Supreme Court of Ohio held that the trial court is no longer required to make findings or give its reasons for imposing the maximum, consecutive or more than the minimum sentences. *Foster*, *supra*, at paragraph seven of the syllabus.

---

With respect to the federal constitutional considerations, due process guarantees notice and a hearing. The right to a sentencing hearing has not been implicated by *Foster*. Thus, we are only concerned with the issue of warning as to potential sentences. Federal circuit courts have determined that *United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 621*, does not violate the ex post facto clause because there has been no due process violation.

Most circuit courts have held that defendants were on notice with respect to statutory maximums, regardless of whether the federal sentencing guidelines were mandatory. *McGhee, supra, at P15,* citing *United States v. Duncan (11th Cir. 2005), 400 F.3d 1297.* See, also, *United States v. Pennavaria (3d Cir. 2006), 445 F.3d 720; United States v. Davenport (4th Cir. 2006), 445 F.3d 366; United States v. Alston-Graves (D.C.Cir. 2006), 369 U.S.App. D.C. 219, 435 F.3d 518; United States v. Dupas (9th Cir. 2005), 419 F.3d*

13

*916;* and *United States v. Jamison (7th Cir. 2005), 416 F.3d 538.*

Similarly, in Ohio, prior to *Foster*, individuals who decided to commit crimes were aware of what the potential sentences could be for the offenses committed. *R.C. 2929.14(A)*.  Here, appellant pleaded guilty to count one, failure to comply with order or signal of police officer, a felony of the third degree, in violation of *R.C. 2921.331(B)*, and count two, receiving stolen property, a felony of the fourth degree, in violation of *R.C. 2913.51(A)*.  The indictment alleged that appellant committed the foregoing offenses on December 13, 2005.  Thus, appellant's offenses were committed before *Foster*, but after *Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403* and *Booker, supra*.

There was no legislative alteration of Ohio's sentencing code post *Foster*.  The range of sentences available for third and fourth degree felonies remained unchanged.  *R.C. 2929.14(A)(3) and (4)* provided fair warning to appellant that he could receive anywhere from one to five years for his third degree felony offense, and six to eighteen months for his fourth degree felony offense.  Appellant understood and signed his plea agreement, specifying the code provisions in effect at that time, which, again, have not changed or been enlarged in any manner after *Foster*.  He was sentenced on April 3, 2006, over a month after *Foster* was decided.

Appellant knew the potential statutory sentence, had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and was unlikely to amend his criminal behavior in light of a sentencing change.  Therefore, this court cannot hold that *Foster* violated federal notions of due process as established in *Bouie v. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894,* and *Rogers, supra.*

Regarding the state constitutional considerations, the Third District in *McGhee, supra, at P21-22,* stated:

> "[i]n construing Ohio's constitution, we must adapt the test for retroactive legislation to apply to retroactive judicial decisions.  In determining whether a law violates *Section 28, Article II of the Ohio Constitution*, we must first evaluate whether the court intended its holding to apply retroactively.

14

> See [*Smith supra at P6*]\*\*\*.  In *Foster*, the court applied its holding retroactively, but only os as to affect cases on direct appeal and those cases pending in the trial courts.  *Foster, at P104.*\*\*\*
>
> "Even though a law may apply retroactively, it is not necessarily unconstitutional.  A substantive retroactive law will be held unconstitutional, while a remedial retroactive law is not.  *Smith, at P6*\*\*\*.  A statute is substantive if it "'impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.'"  *Id. at P6*\*\*\*."

We agree with the Third District that the court's holding in *Foster* does not create a substantively retroactive law.  *McGhee, supra, at P23*.  The holding in *Foster* applies retroactively in a limited number of cases, but it does not affect a vested or an accrued substantive right.  Id.  "[A] presumed sentence *can* be 'taken away' without the defendant's consent."  *Id. at P24*.  Thus, no vested right has been affected by *Foster*.  Id.  In addition, no accrued substantial right has been affected.  *Id. at P25*.  "[D]efendants are not entitled to enforce or protect specific sentences prior to sentencing."  Id.  A range of determinative sentences available for each degree of felony offense is established in *R.C. 2929.14(A)*.  "Even under S.B.2, defendants could not expect a specific sentence because judges could make findings to sentence anywhere within the range provided by *R.C. 2929.14(A)*."  Id.

*Foster* does not violate *Section 28, Article II of the Ohio Constitution*, or Article I, Section 10 of the United States Constitution .

Appellant's first and second assignments of error are without merit.

State v. Elswick, supra at P10-31.

From the foregoing it is clear that the state appellate court held that there was no constitutional violation in petitioner's re-sentencing.  The court further rejected the notion of a violation of the Ex Post Facto Clause due to its finding that petitioner had sufficient warning (both before and after Foster) of his potential sentence to satisfy the Ex Post Facto and Due Process

15

Clauses in light of the fact that Foster did not change the potential maximum sentence that he faced if he committed the crime with which he was ultimately charged, nor did it change the elements necessary to convict him of that crime.  In addition, he was informed that his sentence would fall within the proscribed ranges for crimes upon which he entered his plea.  Petitioner knew that any thought of receiving a minimum sentence he may have entertained prior to his sentencing was always vulnerable to change by the sentencing court.

Similar to the appellant in the Elswick case, the petitioner in the instant case was convicted of one count of burglary, in violation of Ohio Revised Code §2911.12(A)(3) and a third degree felony, with a potential prison term of one to five years; and one count of receiving stolen property, in violation of Ohio Revised Code §2913.51(A) and a fifth degree felony, with a potential prison term of six to twelve months.  At the time he committed the offense, petitioner had fair notice that he faced a sentence greater than the minimum sentence to which he now claims to have been entitled, and at the time of his re-sentencing the same statutes applied.  The laws had not changed in such a manner as to increase the punishment for those crimes, nor did they deprive him of a defense which had been available at the time he committed the crimes.

As a consequence of the foregoing, petitioner has failed to show that the state appellate court decision upholding his re-sentencing resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, nor that the decision was based upon an unreasonable determination of the facts in light of the evidence presented.

It follows that petitioner's first and second claims for relief are without merit.

It is, accordingly, recommended that this petition be dismissed without further proceedings.

                                                                                        s/DAVID S. PERELMAN
                                                                                        United States Magistrate Judge

DATE:    March 31, 2009

### OBJECTIONS

       Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).