# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH DEAN,** | : | **Case No. 1:08-CV-1405** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **DEBORAH TIMMERMAN-COOPER, Wareden,** | : | **ORDER** |
| **Defendant.** | : | |

Joseph Dean petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional sufficiency of his conviction for Burglary and Receiving Stolen Property. (Doc. 1.) Dean contends that the state trial court violated his rights under the due process, equal protection, and ex post facto clauses of the United States and Ohio Constitutions. Dean's petition was referred to Magistrate Judge David S. Perelman ("Judge Perelman"), pursuant to 28 U.S.C. §636(b)(1)(C). On March 31, 2009, Judge Perelman submitted his Report and Recommendation ("R&R") to the Court, which recommended that the petition be denied. (Doc. 11.) Judge Pereman's R&R explained that failure by Dean to object to the R&R would result in the waiver of any right to object.

Dean has not filed any objection to this R&R and "[f]ailure to object to an adverse magistrate's report and recommendation, after being advised of the consequences, constitutes a waiver of further appellate review." *Smith v. Franklin*, 872 F.2d 1028 (6th Cir. 1989) (unpublished) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *see also Javaherpour v. United States*, 315 Fed. Appx. 505, 508 (6th Cir.

2009) ("[A] party must file timely objections with the district court to avoid waiving appellate review.") (citing *States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981))).  Indeed:

> In *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 471, 88 L. Ed. 2d 435 (1985), the United States Supreme Court specifically upheld [the Sixth Circuit's] rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation.  The Court noted that "the Sixth Circuit rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Id*.

*Wilson v. McMacken*, 786 F.2d 216, 220 (6th Cir. 1986) (discussing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254); *see also Blandin v. Williams*, No. 3:08-CV-2172, 2009 U.S. Dist. LEXIS 54111, at *3 (N.D. Ohio June 26, 2009) ("A [§ 2254] petitioner who fails to object to legal or factual conclusions of a report and recommendation waives review of those issues.").

Because Dean has not objected to any portion of Judge Perelman's R&R recommending that this court dismiss Dean's petition, it is unnecessary to review Dean's petition further.  Dean's petition is, accordingly, **DISMISSED**.

The court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 USC 2253; Fed.R.App.P. 22(b).

    **IT IS SO ORDERED.**

                                                        s/Kathleen M. O'Malley
                                                        **KATHLEEN McDONALD O'MALLEY**
                                                        **UNITED STATES DISTRICT JUDGE**

**Dated: October 8, 2009**